CORNING BANK & TRUST COMPANY *v.* FEDERAL LAND BANK OF ST. LOUIS.

4-2620

Opinion delivered September 26, 1932.

*Oliver & Oliver,* for appellant.

*J. R. Crocker* and *C. T. Bloodworth,* for appellee.

KIRBY, J., (after stating the facts). It is undisputed that the three notes sued on and for which the mortgages were sought to be foreclosed were made by the Mabrys to the appellee bank, and that its mortgages constituted a first lien upon the property. Nor is there any controversy about the Mabrys being indebted to the First National Bank, which released its prior lien and mortgage upon the lands involved, and voluntarily became a junior mortgagee subject to the lien of the appellee's mortgages.

Although it is denied that appellant bank paid the taxes, and that the First National Bank paid the taxes alleged to have been paid, it was shown that such taxes were paid by the First National Bank, which claimed to have paid them to protect its interest in the lands under the junior liens, which is admitted it held. While a junior mortgagee who in good faith pays the taxes due to protect its lien may be subrogated to the State's lien therefor and recover the amount paid, even as against the prior mortgagee, this principle of subrogation is administered, not as a matter of legal right, but to subserve the ends of justice and to do equity in the particular case; but, where such junior mortgagee pays the taxes over a three-year period, or furnishes the money to the mortgagor with which to pay them, the tax receipts being taken in the name of the mortgagor or in the name of the

bank furnishing the money and paying the taxes as his agent without the senior mortgagee's knowledge, meanwhile furnishing yearly supplies to the mortgagors for the production of crops and the payment of money to it on the junior mortgages, it has been held that such junior mortgagee is not entitled to subrogation to the State's lien for such taxes as against the prior mortgagee, there being no disclosure of the true situation as would give notice to the senior mortgagee of the nonpayment of the taxes, giving it an opportunity to pay the delinquent taxes for its own protection. *Federal Land Bank* v. *Richland Farming Co.*, 180 Ark. 442, 21 S. W. (2d) 954. Appellant knew the taxes were not being paid by the mortgagors, loaned them the money with which to pay same, and paid such taxes, taking the receipt therefor in its own name as agent for the mortgagors without notifying the senior mortgagee of the delinquencies and giving it an opportunity to pay the taxes, as appellant regarded it was bound to do. It knew that it had advanced the money to the mortgagors with which to pay the taxes and also, from the receipts of the money paid by it for the taxes, that it was paying the taxes for the mortgagors as their agent as disclosed by such tax receipts. Of course, if the taxes had been paid by the mortgagors as it was their duty to do, there could have been no right of appellant, who claims to have paid the taxes, to subrogation to the State's lien thereto, since it was the duty of the mortgagors to pay the taxes. The court did not err therefore in its decree denying appellant the right of subrogation to the State's lien for the payment of taxes claimed to have been paid by it for the mortgagors to protect its junior lien.

Neither was error committed in refusing appellant a decree for money expended by it in replacing one of the houses on a tract of the mortgaged land which had been destroyed by fire. It was not the duty of the junior mortgagee to make any such replacements, nor could it hold the senior mortgagee responsible for the cost thereof.

The decree is accordingly affirmed.